## CITY OF POTEAU v. DELANEY.

No. 4643.   Opinion Filed June 22, 1915.

(150 Pac. 208.)

**MUNICIPAL CORPORATIONS—Injuries in Street—Contributory Negligence—Submission of Issues.** The defense of contributory negligence shall, in all cases whatsoever,. be a question of fact, and shall at all times be left to the jury.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Le Flore County;*
*W. H. Brown, Judge.*

Action by Dora Delaney against the City of Poteau. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*Taylor & Moore* and *R. J. Shive,* for plaintiff in error.

*Tom W. Neal, Jas. L. Hale,* and *Pollan & Forrester,* for defendant in error.

Opinion by RITTENHOUSE, C.   This is an action for the recovery of damages for personal injuries, brought by Dora Delaney against the city of Poteau, wherein it is alleged that in the tapping of certain water mains and the excavation for that purpose the city was negligent, and by reason of such negligence the plaintiff was injured by falling into such excavation, to her damage in the sum of $10,000.   The defendant answered by general denial and a plea of contributory negligence.   The court, in stating the issues to the jury, stated that the defendant had filed a general denial and failed to inform the jury of the plea of contributory negligence.   After the evidence was introduced, the defendant requested the court to instruct the jury on the question of contributory negligence.   This the court refused to do.

Section 6, art. 23 (section 355, Williams' Annotated Ed.) of the Constitution of Oklahoma reads:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

This section was construed in *St. L. & S. F. R. Co. v. Long*, 41 Okla. 177, 137 Pac. 1156, and *Osage Coal & Mining Co. v. Sperra*, 42 Okla. 726, 142 Pac. 1040, and cases therein cited.

The court having refused to instruct the jury on the question of contributory negligence, and there being evidence reasonably tending to support the defense of contributory negligence, the cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.